HONEYCUTT v. TUCKER BROS. MFG. CO.

TUCKER BROS. MFG. CO. v. HONEYCUTT.

Nos. 8813, 8826.

Circuit Court of Appeals, Eighth Circuit.
Dec. 6, 1930.

Percy S. Webster, of Stockton, Cal. (George Y. Thorpe, of Kansas City, Mo., on the brief), for Tucker Bros. Mfg. Co.

M. M. Moore, of Minneapolis, Minn. (Arthur C. Brown, of Kansas City, Mo., on the brief), for A. C. Honeycutt.

Before STONE and VAN VALKENBURGH, Circuit Judges, and SCOTT, District Judge.

SCOTT, District Judge.

Bill of complaint by Tucker Brothers Manufacturing Company, a copartnership, against A. C. Honeycutt doing business as Honeycutt Manufacturing Company, for infringement of United States letters patent No. 1,411,391 and No. 1,424,530. The answer admits the issuance of the letters patent and contains the usual denials of original invention, of publication and of previous patent, as well as infringement, and further pleads anticipation and description in many other patents, and particularly in United States letters patent No. 187,838, Frakes; No. 494,334, Hills; and No. 760,914, Newberry.

The Frakes patent, urged as anticipatory, is denominated as "Improvement in Tire-Tighteners." Claim 1 reads:

"The tire-tightener consisting of the swiveled footed hollow upright A, having the hollow lifting upright or standard B, provided with the cross-bars b b, in combination with the wedge C, having notches or grooves c c and wedge C', substantially as and for the purpose set forth."

Wedge C, above referred to is figure 2 in the drawings and substantially in the following form:

Its purpose is to tighten the spoke and felly where there is play between the two parts.

The Hills patent, urged as anticipatory, is denominated "Improvements in Washers for Wheel-Fellies," and comprises three claims as follows:

"1. A washer for the purpose named, consisting of an annulus in a single piece severed entirely through at one point, and partially at another, substantially as and for the purpose described.

"2. A washer, comprising an annulus of a single piece severed entirely through at one point and partially at another, and adapted to receive a fastening at the point of complete severance, substantially as described.

"3. A washer in the form of an annulus formed of a single piece of flexible material having a slot at one point and cut entirely through at its diametrical opposite side with enlargements opposite the cut and slit, substantially as shown and described."

The washers are illustrated in drawings, figures 4, 5, and 6, substantially as follows:

The Newberry patent, urged as anticipatory, is denominated for "Improvements in Washers," and the claim is as follows:

"A washer comprising a resilient metallic body portion consisting of an open-ring disk forming an incomplete annulus, the spaced

walls of such annulus being obliquely inclined in opposite directions, forming a flaring receiving-space and having inwardly-projecting ratchet-teeth, and a segment of wedge form adapted to fit within said space and expand said walls to place the body portion under tension, said segment being provided with similarly-inclined ends formed with outwardly-projecting ratchet-teeth adapted to be held in locking engagement with the toothed walls of the body portion by the tension of the body portion, said segment constituting a complementary member completing, when so applied and locked, the annular continuity of the said body portion, substantially as described."

The washer structure is illustrated in six figures, one of which, figure 3, shows the completed washer:

In patent No 1,411,391, the controversy is confined to claims 1 and 2. And in patent No. 1,424,530, to claims 1 and 2 (being the only claims therein contained).

The cause was tried and decree rendered, holding letters patent No. 1,411,391 valid and infringed, and holding letters patent No. 1,424,530 invalid. From such decree the defendant appeals as it pertains to letters patent No. 1,411,391, and plaintiff files crossappeal from the decree as it pertains to letters patent No. 1,424,530. These appeals are docketed respectively as cases No. 8813, and No. 8826.

The claims in controversy of letters patent No. 1,411,391 read as follows:

"1. A spoke tightener comprising a shim provided with an orifice and with an opening leading to said orifice from the outer edge of the shim, said opening being narrower than the orifice at the junction therewith.

"2. A spoke tightener comprising a shim provided with an orifice adapted to receive the tenon of a spoke and to be positioned between the spoke and felly of a wheel, and an opening leading to the orifice from the outer edge of the shim, said opening being slightly smaller than the tenon at the junction of the opening with the orifice."

The drawings on claims 1 and 2 of letters patent No. 1,411,391, are in three figures, as follows:

The claims in letters patent No. 1,424,530, read as follows:

"1. A spoke tightener comprising a shim member provided with an orifice to receive the tenon of a spoke, said shim being cut through from the outer edge to the orifice, and from the opposite side of the orifice to a point short of the adjacent outer edge; the shim before placement being spread apart at the cut-through edges to allow the tenon to pass therethrough; the opposite incision then spreading to form a V whose sides are in alinement with the first named edges, whereby on pinching the spread portions together the V-shaped incision will close proportionately with the closing of the cut-through edges.

"2. A spoke tightener comprising a shim member provided with an orifice to receive the tenon of a spoke, said shim being cut through from the outer edge to the orifice, and from the opposite side of the orifice to a point short of the adjacent outer edge; the shim before placement being spread apart at the cut-through edges to allow the tenon to pass therethrough; whereby on pinching the outer edges of the spread portions together they will close simultaneously and symmetrically."

758

The drawings on the claims in letters patent No. 1,424,530, are in three figures as follows:

Without proceeding to a lengthy discussion of the principles of patent law, or a mechanical analysis of the separate features of the various devices, the drawings of which we have here set forth and which speak for themselves, we are of opinion that the trial court erred in holding patent No. 1,-411,391 valid. We think anticipation is found in Frakes, No. 187,838; in Hills, No. 494,334; as well as in Newberry, No. 760,-914. We think the court was correct in holding patent No. 1,424,530 invalid, for the same reasons. The prior art seems to have involved every principle of each of these inventions. It therefore follows that case No. 8813 should be and is reversed; and case No. 8826 should be and is affirmed.